IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42075-TLS |
| | ) | |
| KENNETH MICHAEL MILLARD, SR. and | ) | CH. 13 |
| MELLISSA SUE MILLARD, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on May 22, 2008, regarding Filing No. 56, Motion to Avoid Lien of Kitchen & Bath Design, filed by debtors, and Filing No. 62, Objection, filed by Kitchen & Bath Design. James Nisley appeared for the debtors and Robert Dietz, owner of Kitchen & Bath Design, appeared pro se.

Robert Dietz, d/b/a Kitchen & Bath Design, obtained a county court judgment against the debtors. Such judgment was transcribed in the District Court of Lincoln County, Nebraska, thereby becoming a lien upon real estate owned by the debtors in that county.

The debtors have filed this Chapter 13 case and have moved to avoid the lien pursuant to 11 U.S.C. § 522(f) and the Nebraska homestead exemption statute, Neb. Rev. Stat. § 40-101, et. seq. Under Nebraska law, the debtors have a right to claim an exemption of up to $60,000.00 in equity in their homestead.

The value of the homestead, as listed in the schedules filed with the bankruptcy petition, is $265,000.00. The first lien against the real property is $255,985.51 held by Adams Bank and Trust. The second lien is held by Mr. Dietz and the third lien is held by Carhart Lumber Company in the amount of $26,723.11.

Section 522(f)(2)(A) of the Bankruptcy Code "provides a simple arithmetic test to determine the extent to which a lien impairs an exemption of specific property. The exemption is impaired to the extent the total of all liens on the property plus the exemption exceed the fair market value of the property." In re Gostian, 215 B.R. 237, 238 (Bankr. M.D. Ala. 1997), *quoted in* Kolich v. Antioch Laurel Veterinary Hosp., Inc., 273 B.R. 199, 202 (B.A.P. 8th Cir. 2002).

If the total of the liens against the property and the debtors' exemption in the property is less than the debtors' interest in the property absent any liens, then the lien does not impair the exemption and cannot be avoided. If the total of the liens and the exemption exceeds the debtors' interest absent liens, then the lien impairs the exemption and is avoided by the amount of the difference. If the amount of the difference exceeds the amount of the lien, then the lien is avoided in full. See In re Holt, Neb. Bkr. 97:233 (Bankr. D. Neb. 1997). See also Soost v. NAH Inc. (In re Soost), 262 B.R. 68, 74 (B.A.P. 8th Cir. 2001) (where lien need not be avoided in its entirety to alleviate impairment of an exemption, it may be avoided only in part and only to extent of impairment).

When the numbers in this case are plugged into the mathematical formula of § 522(f)(2)(A), it becomes clear that the total amount of the liens and the exemption exceed the debtors' interest in the property, and the claimant's lien must be avoided in its entirety.

| | | |
|---|---|---|
| Value of the real property | | $265,000.00 |
| Amount of Kitchen & Bath Design's lien (as of the petition date) | $794.92 | |
| Amount of other liens | $282,708.62 | |
| Amount of homestead exemption that debtors could claim absent any liens | $60,000.00 | |
| Total impairments | | $343,503.54 |
| Value of the property | | ($78,503.54) |
| Value of the debtors' interest in the property absent liens | | $265,000.00 |

Based upon the above analysis, it appears that the Dietz judgment does impair the homestead exemption claimed by the debtors, and the judgment lien may be and is hereby avoided. Mr. Dietz now has an unsecured claim in the bankruptcy case.

IT IS ORDERED that the Motion to Avoid Lien of Kitchen & Bath Design, Filing No. 56, is granted.

DATED:    June 4, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*James Nisley
Robert Dietz
Kathleen Laughlin
United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.